**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal Number: 3:24CR122-RCY-1** |
| | ) | |
| **WILLIAM THOMAS MORTON, JR.,** | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

### DEFENDANT'S MOTION TO DISMISS COUNTS NINE AND TEN FOR MULTIPLICITY AND DOUBLE JEOPARDY

Count 9 against Mr. Morton alleges that codefendant Mahone "did willfully engage in the business of . . . dealing in firearms" without a license, and "in the course of such business did ship, transport, and receive firearms" – in particular a Springfield .45 pistol on April 8, 2024, and that Mr. Morton aided and abetted that offense.  Count 10 contains the same language with respect to a privately manufactured firearm and American Tactical Imports pistol on April 10, 2024.

The question for multiplicity is whether the statute, 18 U.S.C. § 922(a)(1)(A) contemplates as a unit of prosecution a course of action, on one hand, or individual transactions, on the other.  If the unit of prosecution is individual transactions, then each count was properly charged as a separate crime.  If, on the other hand, the course of dealing is the unit of prosecution, then it appears that both the April 8th and April 10th transactions were in the same course of dealing and therefore allege a single offense in multiple counts.  Proceeding on two separate counts for a single offense would violate the Double Jeopardy Clause.

1

I.      **Argument**

A.      **Legal Background**

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "A multiplicitous indictment is one that charges a single offense in multiple counts." *United States v. Slocum*, 106 F.4th 308, 312 (4th Cir. 2024). The danger, of course, is that conviction on each count would be multiple prosecutions and "multiple punishments for the same crime" in violation of the Double Jeopardy Clause. *Id.*

In this case, the multiplicity issue is tied to the unit-of-prosecution question, which asks which act Congress meant as the measure of one violation of the statute: here, is the act "engaging in the business of dealing in firearms," or is it each transaction? The rule of lenity has special application to unit-of-prosecution questions. Congress has the obligation "of defining what it desires to make the unit of prosecution." *Bell v. United States*, 349 U.S. 81, 83 (1955). "When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity." *Id.*

B.      **Section 922(a)(1)(A)'s Unit of Prosecution is a Course of Dealing**

The language of § 922(a)(1)(A) is not a model of clarity. It provides:

(a)      It shall be unlawful—

(1)      for any person—

(A)      except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce;

The description of the crime has two clauses. In the first, statute forbids the act of "engag[ing] in the business of . . . dealing in firearm" without a license. In the second, following

2

the word "or," it forbids "ship[ping], transport[ing], or receiv[ing] any firearm" "*in the course of such business*." The reference to "such business" must refer to the previous "business of dealing in firearms" without a license.

The individual-transaction clause therefore doesn't seem to do any work. If the government can prove individual transactions "in the course of" dealing in firearms without a license, it has already necessarily proven that the defendant was already "engage[d] in the business of dealing" in firearms. In other words, it's surplusage.

This is supported by § 921(a)(21)(C), which provides a broad definition of "engaged in the business" to cover a course of dealing, and not just individual or occasional transactions: The term "engaged in the business" means— ….

> (C) as applied to a dealer in firearms, as defined in section 921(a)(11)(A), a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms, but such term shall not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms ….

Standard jury instructions also accord with this understanding. The elements of a violation of § 922(a)(1)(A) are:

> One: Defendant engaged in the business of dealing in firearms;

> Two: Defendant was not then a federally licensed firearms dealer; and

> Three: Defendant acted willfully.

2A Fed. Jury Prac. & Instr. § 39:03 (6th ed.) (collecting law from each Circuit).

Cases interpreting § 922(a)(1)(A) accord with this view. To "engage in the business of dealing in firearms" without a license (or, it goes without saying, to ship/transport/receive firearms "in the course of such business"), generally requires a profit motive that the defendant "pursues

3

this objective through *repetitive* purchase and resale of firearms." *United States v. Tyson*, 653 F.3d 192, 200-201 (3d Cir. 2011) (emphasis added); *accord United States v. Huffman*, 518 F.2d 80 (4th Cir. 1975) (affirming conviction for "a" violation of § 922(a)(1) where defendant "engaged in more than a dozen transactions in the course of a few months"); *United States v. Swinton*, 521 F.2d 1255, 1259 (10th Cir. 1975) (single transaction insufficient to establish engagement in business element). As the First Circuit put it:

> While we can conceive of a single transaction sufficiently large enough in number of guns and the price paid to constitute engaging in the business of dealing in firearms, ordinarily one sale will not be sufficient to meet the statutory requirement. The use of the word "dealing" connotes a regular course of conduct carried on over a period of time or, at least, on more than one or two unrelated occasions.

*United States v. Tarr*, 589 F.2d 55, 59 (1st Cir. 1978). No such single transaction is alleged in Counts 9 or 10, which involve three simple handguns on two occasions.

Because § 921(a)(1)(A) contemplates a course of dealing as the unit of prosecution, and Counts 9 and 10 separate out a single course of dealing into two separate counts, those counts should be dismissed as multiplicitous and under the Double Jeopardy clause.

<div style="margin-left: 50%;">

Respectfully Submitted,
William Thomas Morton, Jr..

By:         /s/
            Counsel
            Joseph S. Camden
            Va. Bar No. 92143
            Assistant Federal Public Defender
            Office of the Federal Public Defender
            701 E. Broad St., Ste. 3600
            Richmond, VA 23219
            (804) 565-0830
            Fax (804) 648-5033
            joseph_camden@fd.org

</div>

4