IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No.: 3:24CR122-RCY-1 |
| ) | |
| WILLIAM THOMAS MORTON, JR., ) | |
| Defendant. ) | |
| ) | |
| ) | |

**DEFENDANT'S MOTION TO DISMISS COUNTS TWO AND THIRTEEN BECAUSE 922(A)(20) IS VOID FOR VAGUENESS**

COMES NOW the Defendant, William Thomas Morton, Jr., by and through his counsel Joseph S. Camden, and hereby moves this Court to dismiss Counts 2 and 13 of the indictment, which allege violations of § 922(g), under the Due Process Clause. The term "crime punishable by imprisonment for a term exceeding one year" is subject to such a vague and counterintuitive definition that it renders the term void for vagueness.

**I.  It's Not "Felon" in Possession, It's Person Convicted of a "Crime Punishable by Imprisonment For a Term Exceeding One Year," Which Has a Defined Non-Commonsense Meaning and is a Term of Art**

Title 18 U.S. Code § 922(g) provides:

**(g)**   It shall be unlawful for any person—

    **(1)**   who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

. . .

to . . . possess in or affecting commerce, any firearm or ammunition

1

For purposes of § 922(g), the term "a crime punishable by imprisonment for a term exceeding one year" – which *appears* to be a self-defining term – actually isn't.  It is is further refined at 18 U.S.C. § 921(a)(20), which provides:

> (20)  The term "crime punishable by imprisonment for a term exceeding one year" does not include—
>
> (A)  any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or
>
> (B)  any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

Therefore, in order to convict Mr. Morton, the government must prove, as to the prior conviction, that he has:

- a prior conviction

- the maximum term of imprisonment under the statute of conviction is greater than one year; and

- the crime does not "pertain[] to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices."

in order to prove that his convictions fall within § 922(g)'s prohibition.  Furthermore, it will have to prove, under *Rehaif v. United States*, 139 S.Ct. 2191 (2019) that Mr. Morton knew – not just that he had a "felony" (a term not used in § 922(g)), but that he fell within the class of people that have a "crime punishable by imprisonment for a term exceeding one year" as defined in § 921(a)(20), which defines out the classes of crimes mentioned.  Therefore the government will have to prove not only that his prior convictions are not crimes "relating to the regulation of business practices," but that he *knew* they weren't.

**II.     The Catch-all Exception "Or Other Similar Offenses Relating to the Regulation of Business Practices" Makes the Definition So Indeterminate That It Is Void for Vagueness Under *Johnson*.**

        1.     *Fourth Circuit Cases*

The Fourth Circuit has apparently considered this provision in only two cases. In *United States v. Parker*, 262 F.3d 415 (4th Cir. 2001), the defendant argued that the jury should have been allowed to determine whether a prior conviction for possession of cocaine with intent to distribute qualified for one of the exceptions listed at 18 U.S.C. § 921(a)(20). *Id*. at 423. The Fourth Circuit held, essentially, that the jury did not need to be instructed on the full definition of an actual term used in the statute and indictment. But that was dictum, because the defendant in her opening brief argued and stipulated that possession of cocaine with intent to distribute did not fall within the § 921(a)(20) exceptions; therefore *Parker* does not conclusively resolve the issue. *See R.A.V. v. City of St. Paul*, 505 U.S. 377, 386 n.5 (1992) ("It is of course contrary to all traditions of our jurisprudence to consider the law on this point conclusively resolved by broad language in cases where the issue was not presented or even envisioned.")

Then in *United States v. Bokman*, 215 F. App'x. 203 (4th Cir. 2007) (unpublished), the defendant argued that the evidence was insufficient to convict him of sale of a firearm to a convicted felon. The evidence was that the buyer had told the defendant he was "a felon" before the sale. *Id*. at 205. He argued that this was insufficient to show knowledge that the purchaser's prior conviction did not fall within the exception at § 921(a)(20). *Id*. The Fourth Circuit rejected his argument, holding

> Even if Bokman did not "know" that the informant had been convicted of a "crime punishable by imprisonment for a term exceeding one year" based on the informant's statement that he was a felon, § 922(d)(1) requires only that a defendant know or "hav[e] reasonable cause to believe" that the buyer has been convicted of such a crime. The statements made by the informant during the firearm transactions

3

> fully support the jury's finding that Bokman had at least reasonable cause to believe that the informant had been convicted of a crime punishable by more than one year.

*Id*.

Thus, the decisions of the Fourth Circuit, although they acknowledge the exception, do little to clarify the scope of the "regulation of business practice" exception at 921(a)(20).

    1.    *Decisions from other courts*

In *United States v. Meldish*, 722 F.2d 26, 27 (2d Cir. 1983), the defendant had been previously convicted of falsifying a customs declaration for an expensive watch. Regarding the definition of "unfair trade practice," the Second Circuit noted:

> Although it is almost impossible to formulate an all-inclusive definition of "unfair trade practice," see *FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233, 240, 92 S.Ct. 898, 903, 31 L.Ed.2d 170 (1972), implicit in the term itself is the requirement that the practice adversely affect either competitors or consumers, *see id*. at 241-44, 92 S.Ct. at 903-05. Among the practices which may cause such an adverse effect are the suppression of competition, *Shakespeare Co. v. FTC*, 50 F.2d 758, 759-60 (6th Cir.1931), price discrimination, *Oliver Bros., Inc. v. FTC*, 102 F.2d 763, 767 (4th Cir.1939), deceptive advertising or labeling, *Armstrong Paint & Varnish Works v. Nu-Enamel Corp.*, 305 U.S. 315, 335-36, 59 S.Ct. 191, 201, 83 L.Ed. 195 (1938), and the exploitations of child purchasers, *FTC v. R.F. Keppel & Bro., Inc.*, 291 U.S. 304, 313, 54 S.Ct. 423, 426, 78 L.Ed. 814 (1934).

*Id*. at 27-28. Because the customs violation at issue does not require an effect on competitors or consumers, the Second Circuit held that it did not qualify. *Id*. at 28. The Court did not appear to discuss the meaning of the phrase "other similar offenses relating to the regulation of business practices." The court also rejected the contention that the failure to exempt other nonviolent offenses was unconstitutionally irrational; but applied only rational basis review because, under its view, "the receiving and possessing of firearms is not a basic constitutional right." *Id*. at 28; Therefore *Meldish* is of no practical value.

In *United States v. McLemore*, 792 F. Supp. 96 (S.D.Ala. 1992), the defendant had a conviction for fraudulently rolling back odometer readings under 15 U.S.C. §§ 1984 and 1990c(a).

4

*Id*. at 97.  The district court held that a defendant must show that the practice at issue must have an adverse effect on competition and consumers. Noting that the odometer law was meant to protect consumers, the court held that it was meant to punish an unfair trade practice as defined by § 921(a)(20). *Id*. at 98.

In *United States v. Stanko*, 491 F.3d 408 (8th Cir. 2007), the Eighth Circuit held that a prior conviction under the Federal Meat Inspection Act (FMIA) did not qualify under the business practice clause.  Interpreting § 921(a)(20)(A), the Court held that the phrase "relating to the regulation of business practices" only served to modify the phrase "other similar offenses." *Id*. at 413-14.  Next it held that the words "similar offenses" "indicates an intent to limit the business practices clause's reach to offenses which are 'comparable' or 'nearly corresponding' to the enumerated offenses." *Id*. at 414 (citing *Webster's Third New International Dictionary* 2120 (2002)).  In deciding whether an offense is similar to the enumerated offenses, the Court held that elements (and not incidental conduct) were the focus. *Id*. at 415.  And it held that the elements must require proof of "an adverse economic effect on competition or consumers." *Id*. at 416 (citing *Dreher*, 115 F.3d at 332-22; *Meldish*, 722 F.2d at 28).  Regarding FMIA convictions, the Eighth Circuit held that its primary purpose was protecting consumers from unsafe meet, and not primarily from unfair competition. *Id*. at 416-17.  It further noted that no element of an FMIA violation required proof of "an effect on competition or consumers as an element of the offense." *Id*. at 417.

A readers familiar with the development of the "risk prong" of the crime of violence test might be getting déjà vu at this point.  The Supreme Court tried various interpretive approaches to give effect to the phrase "otherwise involves conduct that presents a serious potential risk of physical injury" before declaring the whole project impossible and holding the statute void for vagueness.  *See generally Johnson v. United States*, 576 U.S. 591, 135 S.Ct. 2551 (2015).  The

void-for-vagueness doctrine is founded in the Fifth Amendment. *Johnson v. United States*, 135 S.Ct. 2551, 2556 (2015). It invalidates "a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Id*. By enumerating certain offenses, and then announcing a mismatched residual category, §921(a)(20)(A) is remarkably similar to the ACCA Residual Clause held void for vagueness in *Johnson*.

| ACCA Residual Clause, 18 U.S.C. § 924(e)(2)(B)(ii) (Void for Vagueness) | 18 U.S.C. § 921(a)(20)(A) |
|---|---|
| (ii) is burglary, arson, or extortion, involves use of explosives, or **otherwise involves conduct that presents a serious potential risk of physical injury to another**; and | (A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, **or other similar offenses relating to the regulation of business practices**, or |

In *Johnson*, the Supreme Court held that two features of the ACCA residual clause make it unconstitutionally vague. First, it was vague because it provided no standard against which to guage "potential risk." *Id*. at 2557. Second, however, the Supreme Court noted the mismatch between the enumerated offenses and the residual category:

> At the same time, the residual clause leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony. It is one thing to apply an imprecise "serious potential risk" standard to real-world facts; it is quite another to apply it to a judge-imagined abstraction. By asking whether the crime "*otherwise* involves conduct that presents a serious potential risk," moreover, **the residual clause forces courts to interpret "serious potential risk" in light of the four enumerated crimes—burglary, arson, extortion, and crimes involving the use of explosives. These offenses are "far from clear in respect to the degree of risk each poses."** *Begay*, 553 U.S., at 143, 128 S.Ct. 1581. Does the ordinary burglar invade an occupied home by night or an unoccupied home by day? Does the typical extortionist threaten his victim in person with the use of force, or does he threaten his victim by mail with the revelation of embarrassing personal information? By combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates.

*Id*. at 2558 (italics in original; bold added).  As Justice Scalia noted in a colorful analogy in his dissent in *James v. United States*, "The phrase 'shades of red,' standing alone, does not generate confusion or unpredictability; but the phrase 'fire-engine red, light pink, maroon, navy blue, or colors that otherwise involve shades of red' assuredly does so."  550 U.S. 192, 231 n.7 (Scalia, J. dissenting).

Section 921(a)(20)(A) is susceptible to similar uncertainty.  If the enumerated offenses are construed, as the courts in *Stanko*, *Dreher*, and *Meldish* did, to refer only to those offenses involving an effect on consumers or competition, then there is a serious mismatch between those offenses and the broad residual clause of "similar offenses relating to the regulation of business practices."  Many regulated business practices are not intended at all to protect consumers but to serve some other goal, such as market stabilization, or to protect non-consumers, or the environment, or the stimulate the manufacturing industry, etc.  Moreover, a proper interpretation of this phrase is necessary for an ordinary person to know whether his conduct in possessing a firearm constitutes a serious felony conviction.  Therefore the mismatch between the residual clause and the enumerated offenses "fails to give ordinary people fair notice of the conduct [the statute] punishes," and is void for vagueness.  *Johnson*, 135 S.Ct. at 2556

Relying on the principles later vindicated in *Johnson*, Judge Bright of the Eighth Circuit published a prescient dissent in *Stanko*, relying in part on Justice Scalia's dissent in *James*.  491 F.3d at 419-421.  Judge Bright wrote that the vagueness problem of § 921(a)(20)(A) "goes beyond, for example, the uncertainty inherent in defining a violent felony" under the ACCA.  *Id*. at 420.  The dissent noted that no court had ever construed the § 921(a)(20)(A) residual clause to actually include a crime.  *Id*.  And that for the eighteen years that the power to denominate such crimes was in the hands of the Secretary, no such crimes were designated.  *Id*. at 419.  He recognized that the

enumerated offenses were not vague, *id*. at 420, but that the residual clause lacks the required specificity to satisfy due process. *Id*. "All persons, including those like Stanko, enjoy the right to live under a system of laws in which 'a penal statute define[s] the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Id*. at 421 (quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).

### III. Banning the Distribution of Certain Substances is the Regulation of a Business Practice

In the alternative, if the Court can determine some sufficiently clear definition of offenses "similar to" the enumerated offenses and "relating to" unfair business practices, then Mr. Morton's drug crimes and his theft offense qualify under the exception, which should be read broadly.

#### a) *"Relating to" should be given broad meaning*

After enumerating certain crimes or classes of crimes, the residual clause here begins with the phrase "relating to the regulation of business practices." 18 U.S.C. § 921(a)(20)(A). In other statutes, when Congress has used the phrase "relating to," courts have given it broad meaning.

> For purposes of the present case, the key phrase, obviously, is "relating to." The ordinary meaning of these words is a broad one—"to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with," Black's Law Dictionary 1158 (5th ed. 1979)—and the words thus express a broad pre-emptive purpose.

*Morales v. Trans World Airlines, Inc*., 504 U.S. 374, 383 (1992) (interpreting 49 App. U.S.C. § 1305(a)(1)). Thus, the phrase "relating to the regulation of business practices" should likewise be given a broad meaning sufficient to cover offenses regulating the market for controlled substances and theft, which protects property rights.

#### b) *"Relating to the regulation of business practices" must be given effect.*

One shortcoming of the statutory interpretation in *Stanko* and the other cases is that it essentially reads out the phrase "relating to the regulation of business practices." The exemption is phrased as follows:

> any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices

18 U.S.C. § 921(a)(20)(A). In *Stanko* and its predecessors, the courts read "other similar offenses" narrowly to mean offenses sharing a common element of an effect on consumers or competition. *Stanko*, 491 F.3d at 416. However, this renders meaningless the phrase "relating to the regulation of business practices" in the statute. So by giving controlling narrowing effect to the word "similar," and interpreting "similar" with such a narrow focus, the *Stanko* court gave no effect to the words that followed: "relating to the regulation of business practices." This violates the rule against superfluity. "Where possible, we must give effect to every provision and word in a statute and avoid any interpretation that may render statutory terms meaningless or superfluous." *Scott v. United States*, 328 F.3d 132, 139 (4th Cir. 2003) (citing *Freytag v. Comm'r Internal Revenue*, 501 U.S. 868, 877 (1991)).

### IV.   *Morgan* was Incorrect.

Counsel for Mr. Morton has previously raised this issue, in substantially similar briefing, in *United States v. Horma*, and most recently before another Court in *United States v. Morgan*, 2022 WL 4385357 (E.D.Va. 2022). There, agreeing with *Horma*, the Court held that § 921(a)(20) has a sufficiently clear meaning under three (or four) interpretive canons: (1) the rule of the last antecedent; (2) the rule against surplusage; and (3) the related principles of *ejusdem generis* and *noscitur a sociis*.

9

Using the rule of the last antecedent, the Court held that "relating to the regulation of business practices" modifies only "other similar offenses." Counsel did not intend to argue otherwise – "relating to" is what he was taught was a participle – a verb that functions as an adjective and has a noun antecedent. The rule against surplusage also does not quite address the argument being made here – "similar to" absolutely should be given meaning, but figuring out what the comparators are is the problem.

The problem he was trying to identify and bring to the Court's attention was the mismatch between "relating to business practices" and the enumerated offenses to which the defendant's crime must be "similar." For example, if one said "sedans, station wagons, pickup trucks, and other similar motorized vehicles" we would know that minivans count but airplanes are out, because the phrase "motorized vehicles" sets a class of which the enumerated vehicles are illustrative. But what about the phrase, "sedans, station wagons, pickup trucks, and other similar modes of transportation." With this residual exception that extends much more broadly than the described group, does a train count? It has wheels and an engine, like the enumerated objects, but it runs on tracks and usually not gasoline. So a broad residual category *does* introduce ambiguity that the rule of last antecedent and rule against surplusage do not resolve. It raises, but does not answer, the question: "similar" in what respect? More importantly, does it put the average reasonable person on notice that trains count? Turning to § 921(a)(20), "unfair business practices" is a broad and undefined category – "what is *fair*?" – what constitutes a "business"?

Last, *ejusdem generis* and *noscitur a sociis* do typically work to narrow general language, but in this case they are in tension with the rule of lenity. If it narrowed an element of a crime, or a civil regulation, it would be useful. But by narrowing the class of convictions which *protect* a fundamental constitutional right from being unnecessarily infringed, the rule of lenity should apply

10

in full force.  The Court's opinion in *Morgan* did not discuss the rule of lenity, and counsel respectfully suggests that it should play a role in the analysis.

                                                        Respectfully Submitted,
                                                        William Thomas Morton, Jr..

By:            /s/
                  Counsel
                  Joseph S. Camden
                  Va. Bar No. 92143
                  Assistant Federal Public Defender
                  Office of the Federal Public Defender
                  701 E. Broad St., Ste. 3600
                  Richmond, VA 23219
                  (804) 565-0830
                  Fax (804) 648-5033
                  joseph_camden@fd.org