IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:24-cr-122-RCY |
| ) | |
| WILLIAM THOMAS MORTON, JR., ) | |
| ) | |
| Defendant. ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNTS TWO AND THIRTEEN AS VOID FOR VAGUENESS

The United States of America, through its attorneys, Jessica D. Aber, United States Attorney, and Olivia L. Norman, Assistant United States Attorney, hereby submits its response to Defendant's Motion to Dismiss Counts Two and Thirteen Because 922(A)(20) is Void for Vagueness (the "Motion"). (ECF 43).

For the following reasons, defendant's motion should be denied.

### BACKGROUND

During the course of a violent crime investigation, agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") utilized individuals who were secretly working for the agents to purchase firearms and illegal controlled substances from individuals selling drugs and firearms in the highest crime areas of the City of Richmond. Among those individuals was the defendant, who possessed and sold firearms to the police informant on April 1, 2024, and again on April 23, 2024.

Prior to April 1, 2024, defendant had been convicted of numerous crimes that carried a term of imprisonment exceeding one year. In 1996, defendant was convicted of possession with intent to distribute cocaine and sentenced to 8 years' imprisonment with 7 years and 2 months suspended. In 1999, defendant was convicted of distribution of cocaine and sentenced to 3 years' incarceration with 2 years and 6 months suspended. In 2008, defendant was convicted of possession of cocaine and sentenced to 5 years' incarceration with 1 year and 6 months suspended. In 2011, defendant was convicted of grand larceny and sentenced to 5 years' incarceration with 4 years suspended. In 2013, defendant was convicted of felony drive while an Habitual Offender and sentenced to 5 years' incarceration with 4 years suspended. In 2018, defendant was convicted of possession of Schedule I/II controlled substance and sentence to 2 years' incarceration with 2 years suspended. In 2019, defendant was convicted of manufacture/distribution of Schedule I/II controlled substance and sentenced to 15 years' incarceration with 10 years suspended.

On August 21, 2024, a federal grand jury sitting in the Eastern District of Virginia, Richmond Division, returned a 25-count indictment charging the defendant and two other individuals with numerous drug and firearm trafficking related offenses, among them Counts Two and Thirteen that charge the defendant with possession of firearms and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. On August 22, 2024, defendant was arrested on the indictment.

## LAW & ANALYSIS

Defendant argues that Counts Two and Thirteen of the indictment should be dismissed because "[t]he term 'crime punishable by imprisonment for a term exceeding one year' is subject

to such a vague and counterintuitive definition that it renders the term void for vagueness." ECF No. 43. This Court has dismissed identical arguments twice before in *United States v. Morgan*, No. 3:22cr52, 2022 WL 4385357 (E.D. Va. Sept. 22, 2022) (Novak, J.) and *United States v. Horma*, No. 3:18cr18, 2018 WL 4214136 (E.D. Va., Sept. 4, 2018) (Lauck, J.), and should do so again here.

Federal Rule of Criminal Procedure 7(c) provides that an indictment need only contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Accordingly, the law provides that an indictment is sufficient if it "(1) sets for the essential elements of the offense, (ii) fairly informs the defendant of the nature of the charges against him so that he may prepare his defense, and (iii) enables the defendant to plead the defense of double jeopardy in a future prosecution for the same offense." *United States v. Le*, 310 F. Supp. 2d 763 (E.D.Va. 2004). In this case, the Indictment does just that and is therefore sufficient for the purposes of proceeding to trial.

Just as in *Morgan*, Defendant here first "contends that the statute under which the Government charges him, 18 U.S.C. § 922(g), is unconstitutionally vague pursuant to the Supreme Court's 2015 decision in *Johnson v. United States*, 576 U.S. 591 (2015)" and, second, "argues that his prior convictions . . . fall within the § 921(a)(20)(A) exception to § 922(g) for offenses 'relating to the regulation of business practices.'" 2022 WL 4385357 at *1.

A.  **Defendant's challenge to Counts Two and Thirteen of the Indictment fails due to basic rules of statutory interpretation.**

The defendant's first basis to dismiss the indictment is that the definition of "crime punishable by imprisonment for a term exceeding one year" listed in 18 U.S.C. § 921(a)(20) is

3

void for vagueness. First, despite the defendant making this claim, he provides no authority for his position and fails to even present any actual argument why this term is constitutionally vague. To the contrary, the defendant only cites a number of cases within and outside of the Fourth Circuit which do not support his position. *See* ECF No. 43 at 3–5. The one case the defendant cites which even addresses the issue the defendant raises is *United States v. Stanko*, 491 F.3d 408 (8th Cir. 2017), in which the Eighth Circuit appears to overtly reject the defendant's claim that the definition is either vague or that the defendant's prior drug convictions fall within the exceptions listed in 18 U.S.C. § 921(a)(20) as crimes which cannot support a conviction under 18 U.S.C. § 922(g).

Second, "a defendant asserting that a statute is void for vagueness must show a lack of fair warning of 'what the law intends to do if a certain line is passed.'" *Horma*, 2018 WL 4214136 at *14 (quoting *McBoyle v. United States*, 283 U.S. 25, 27, 51 S. Ct. 340, 75 L. Ed. 816 (1931)). "The . . . principle is that no [person] shall be held criminally responsible for conduct which he [or she] could not reasonably understand to be proscribed." *Lanier*, 520 U.S. at 265 (first alteration in original) (quoting *Bouie v. City of Columbia*, 378 U.S. 347, 351, 84 S. Ct. 1697, 12 L. Ed. 2d 894 (1964)). Courts have identified three means to evaluate whether a statute meets the fair warning requirement:

> First, the vagueness doctrine bars enforcement of a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. Second . . . the canon of strict construction of criminal statutes . . . ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered. Third . . . due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope.

*Id.* at 266 (citations and quotation marks omitted). "[T]he failure of 'persistent efforts . . . to establish a standard' [for enforcing or applying a law] can provide evidence of

4

vagueness." *Johnson*, 135 S. Ct. at 2558 (second alteration in original) (quoting *United States v. L. Cohen Grocery Co.*, 255 U.S. 81, 91, 41 S. Ct. 298, 65 L. Ed. 516 (1921)).

In light of this legal standard, two judges in this Court have rejected the contention that 18 U.S.C. § 921(a)(20) is void for vagueness. In *Morgan*, this Court found that § 921(a)(20)(A) is unambiguous, and "lean[ed] on its prior analysis [in *Horma*] in disposing with Defendant's Motion." 2022 WL 4385357, at **5–8. Defendant argues that the *Morgan* decision was incorrectly decided, but his argument in support of this proposition is merely a repetition of his argument that § 921(a)(20) is void for vagueness under *Johnson v. United States*, 576 U.S. 591 (2015). As this Court has already addressed and dismissed this argument in both *Horma* and *Morgan*, it should do so again here.

In *Horma*, this Court stated the only basis for challenging 18 U.S.C. § 921(a)(20) as vague is an impermissibly broad reading of the statute. Instead, the court found:

> The phrase "other similar offenses" precedes the Qualifying Phrase, however, and the Court interprets the statute in a way that avoids rendering the word "similar" superfluous and without meaning. *See supra* Part III.A.; *see also Bowsher*, 460 U.S. at 833 (articulating the "settled principle of statutory construction that [the court] must give effect, if possible, to every word of the statute"). Moreover, the design of each of the enumerated offenses in the Business Practices Clause specifically minimizes unfair practices that affect business and consumers, meaning that § 921(a)(20)(A) does not suffer from the same lack of similarity among specified crimes that contributed to render ACCA's Residual Clause unconstitutionally vague.

2018 WL 4214136 at *16. The Court went on to cite other circuit courts that have also rejected the contention that 18 U.S.C. § 921(a)(20) was void for vagueness:

> Furthermore, the Fifth, Seventh, and Eighth Circuits have each held that the Business Practices Clause is not unconstitutionally vague. In Stanko, the Eighth Circuit held that "Congress used the comparative term 'similar' to modify 'offenses[.]' . . . The term 'similar' indicates an intent to limit the business practices clause's reach to offenses which are 'comparable' or 'nearly corresponding' to the enumerated offenses." *Stanko*, 491 F.3d at 414. Similarly, the Seventh Circuit upheld the Business Practices Clause against a vagueness challenge, stating that

"the word 'similar' limits the term 'offenses,' so that it refers back to the three enumerated offenses, and is further limited by 'relating to the regulation of business practices.'" *United States v. Schultz*, 586 F.3d 526, 531 (7th Cir. 2009). "Accordingly, an ordinary individual would have notice that the § 921(a)(20)(A) exception applies only if he or she committed an enumerated or similar offense related to the regulation of business practices." *Id*. Finally, the Fifth Circuit concluded that "the plain meaning of the statute indicates Congress's intent to limit the offenses that fall within the § 921(a)(20)(A) exclusion to those pertaining to antitrust violations, unfair trade practices, restraints of trade, or offenses similar to them." *United States v. Coleman*, 609 F.3d 699, 707 (5th Cir. 2010) (emphasis added) (*quoting Dreher v. United States*, 115 F.3d 330, 332 (5th Cir. 1997)).

The Business Practices Clause does not suffer from the infirmities underlying ACCA's Residual Clause that led to the Supreme Court's holding in *Johnson*. Rather, the statute makes it "reasonably clear at the relevant time that [Horma's] conduct was criminal." *Lanier*, 520 U.S. at 265. Horma was on notice that his indictment for possession of unstamped cigarettes in violation of the Maryland Tax Statute did not amount to an offense exempted under § 921(a)(20)(A), meaning that, pursuant to § 922(n), he could not receive a gun. The Court cannot find that 18 U.S.C. § 921(a)(20)(A) is unconstitutionally vague. The Motion to Dismiss on that basis must be denied.

*Id.* at *17.

For these reasons, this Court should reject defendant's unsupported position that the statute at issue is void for vagueness and deny defendant's motion.

### B.   Defendant's prior offenses do not fall within the exception listed in 18 U.S.C. § 921(a)(20)(A).

Failing to establish that 18 U.S.C. § 921(a)(20)(A) is void for vagueness, the defendant attempts to shoehorn his prior convictions for drug distribution, grand larceny, and possession of controlled substances as crimes "relating to the regulation of business practices" which are precluded from qualifying as predicate offenses for convictions under 18 U.S.C. § 922(g)(1). However, again, this court has already rejected the defendant's position.[1] In *Horma*, this Court

---

[1] The Court in *Morgan* did not address this specific argument because the defendant withdrew his argument that his prior offenses fell within § 921(a)(20)(A) in his reply brief.  2022 WL 4385357 at *2.  However, *Morgan* adopted

6

discussed by way of statutory construction what crimes are excluded under 18 U.S.C. § 921(a)(20). In doing so, the Court found that:

> Congress's inclusion of the word "similar" to modify "offenses" in the Qualifying Clause "indicates an intent to limit the [B]usiness [P]ractices [C]lause's reach to offenses which are 'comparable' or 'nearly corresponding' to the enumerated offenses." *Stanko*, 491 F.3d at 414 (*quoting* Webster's Third New International Dictionary 2120 (2002)). Construing the statute otherwise would render the word "similar" superfluous and without meaning. *See, e.g., Bowsher v. Merck & Co.*, 460 U.S. 824, 833, 103 S. Ct. 1587, 75 L. Ed. 2d 580 (1983) (identifying the "settled principle of statutory construction that [the court] must give effect, if possible, to every word of the statute"); *see also United States v. Ivester*, 75 F.3d 182, 185 (4th Cir. 1996) (stating that the Fourth Circuit is "reluctant to interpret statutory provisions so as to render superfluous other provisions within the same enactment").

2018 WL 4214136 at *11. As such, "[t]hese doctrines of statutory interpretation therefore instruct that the Qualifying Clause should be 'understood as a reference to subjects akin' to the specifically enumerated offenses." *Horma*, 2018 WL 4214136 at *11 (quoting *United Seniors Ass'n v. Soc. Sec. Admin.*, 423 F.3d 397, 403 (4th Cir. 2005) (defining the doctrine of ejusdem generis)).

> In light of established principles of statutory construction, the Court interprets the Qualifying Clause, "other similar offenses relating to the regulation of business practices," as referring to offenses similar to the Enumerated Offenses, "antitrust violations, unfair trade practices, [and] restraints of trade."

*Id.* at *12 (quoting 18 U.S.C. § 921(a)(20)(A)).

This Court concluded that the crime at issue in that case, the Maryland Tax Statute, was not a crime "similar to" the enumerated offenses in 18 U.S.C. § 921(a)(20) because, "All of the enumerated offenses share commonalities: they each regulate business directly, broadly seek to prevent unfair competition, and govern behavior affecting consumers and competitors." *Id.* Instead, "each of the enumerated offenses speaks to competition and the effects

---

the Court's discussion in *Horma* of what crimes are excluded under § 921(a)(20)(A) by way of statutory construction. *Id.* at **2–3.

7

on consumers and competitors . . . . This focus on consumers and competitors—rather than other general societal concerns—becomes apparent when looking at the purpose of the enumerated offenses." *Id.* at *13 (citing *Stanko*, 491 F.3d at 416 (noting that the enumerated offenses include "criminal statutes addressing only economic harm to competition or consumers")). As a result of this analysis, the Court denied the defendant's motion in that case, ultimately finding and concluding that,

> Even Horma admits that the Maryland Tax Statute only incidentally regulates business activities or unfair competition. (Mot. Dismiss 10 ("[T]he [Maryland Tax Statute] punishes commercial activity which necessarily impacts competition and consumers . . . ." (emphasis added)).) This indirect effect on competition and consumers cannot bring the Maryland Tax Statute within the ambit of the Qualifying Clause.
>
> Each of the enumerated offenses is specifically designed to minimize unfair practices that affect business and consumers. The Maryland Tax Statute, in contrast, addresses transportation or sale of cigarettes or tobacco products on which a state tobacco tax has not been paid. See Md. Code, Tax-Gen. § 13-1015(a). Although, as Horma argues, it is certainly true that businesses who sell tobacco products lawfully—by paying the state tobacco tax—"face unfair competition when illicit cigarettes enter a market," because those tobacco products can be sold at a lower retail price, (Mot. Dismiss 10 (quoting Protecting Our Cigarette Brands, http://www.altria.com/our-companies/philipmorrisusa/protecting-our-cigarette-brands/Pages/default.aspx ), the Maryland Tax Statute does not regulate business practices in the same way that "federal or state offenses pertaining to antitrust violations, unfair trade practices, [or] restraints of trade" do, 18 U.S.C. § 921(a)(20)(A). The Maryland Tax Statute indirectly affects competition and consumers, but does not do so in a way that makes it similar to the enumerated offenses.
>
> The Maryland Tax Statute, therefore, falls outside the Business Practices Clause, and does not qualify as an exception to a "crime punishable by imprisonment for a term exceeding one year," on which a prosecution under the Non-Receipt Statute could not be based.

*Horma*, 2018 WL 4214136 at **13–14.

This is certainly the case with rules regulating grand larceny, illegal drug trafficking and illegal drug possession. Those statutes are designed to address the societal ills caused by

thievery and dangerous, illegal drugs, not to directly protect businesses, business practices and their consumers.  As with the Maryland Tax Statute, it is certainly the case that businesses and individuals that are properly licensed to distribute drugs "face unfair competition when illicit [narcotics] enter a market," but the Virginia illegal drug possession and illegal drug trafficking statutes do not "regulate business practices in the same way that 'federal or state offenses pertaining to antitrust violations, unfair trade practices, [or] restraints of trade' do." *Id.* Likewise, businesses and consumers may be the victims of theft, but the Virginia grand larceny statute does not affect competition or consumers in any way similar to the enumerated offenses in § 921(a)(20).

For this reason, defendant's argument that his prior illegal drug trafficking, drug possession, Habitual Offender, and grand larceny convictions do not fall within the limited exceptions set forth in § 921(a)(20).  Defendant's prior convictions are in fact convictions by a court of crimes punishable by imprisonment for terms exceeding one year.  Indeed, defendant served more than 3 years active incarceration on at least one of those felony convictions.  Thus, defendant knows that at least one of those convictions was in fact a conviction for a crime punishable by imprisonment for a term exceeding one year, because he served more than one year on that one conviction.

For these reasons, as well, defendant's motion should be denied.

## **CONCLUSION**

For all of the foregoing reasons, defendant's Motion (ECF No. 43) should be denied in its entirety.

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By:       //s//
Olivia L. Norman
VSB No. 31418
Assistant United States Attorney
Office of the United States Attorney
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Phone:  804-819-5400
Fax:    804-771-2316
Olivia.Emerson@usdoj.gov