IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case Number: 3:24-cr-122-RCY-1 |
| | ) |
| WILLIAM THOMAS MORTON, JR., | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY ON MULTIPLICITY**

A.   **The Unit of Prosecution is Engaging in Business, Not Individual Transactions**

Neither Mr. Morton nor the government could find any relevant caselaw analyzing the unit of prosecution for 18 U.S.C. § 922(a)(1)(A). ECF No. 51 at 3. The government analogizes to § 922(g) and § 922(a)(6) crimes—but the only thing those crimes have in common with § 922(a)(1)(A) is that they involve firearms. The statutory language and scope are sharply different and indicate that the unit of prosecution for a § 922(a)(1)(A) prosecution is not engaging in individual transactions as the government urges, but "engag[ing] in the business of . . . dealing in firearms." As even the government notes, Congress has defined engaging in business as "devot[ing] time, attention, and labor to dealing in firearms as a *regular course of trade or business* . . . through the *repetitive purchase and resale of firearms*[.]" 18 U.S.C. § 921(a)(21)(C); ECF No. 51 at 5. It's therefore simply impossible that Congress meant individual transactions to constitute engaging in the business of dealing in firearms—it *defined the crime* to require a pattern or course of conduct over time. The government's decision to charge two transactions that occurred within the same course of dealing therefore charges the same offense in two separate counts and is multiplicitous.

The analogies to §§ 922(g) and 922(a)(6) don't hold, because the statutory language defining the offenses are completely different. Section 922(g) makes it a crime to "possess" a

1

firearm in certain circumstances, so instances of possession are the unit (including single instances of possession of multiple firearms). ECF No. 51 at 4-5. Section 922(a)(6) makes it a crime to "make any false or fictitious oral or written statement" "in connection with the acquisition . . . of any firearm," so the unit of prosecution, construed as a matter of lenity, is the transaction during which the lies were told. ECF No. 51 at 5. By contrast, §§ 922(a)(1)(A) and 921(a)(21)(C) make it a crime to "devote[] time, attention, and labor to dealing in firearms as a *regular course* of trade or business" with a profit motive "through the *repetitive* purchase and resale" of firearms, without a license. *See* § 921(a)(21)(C) (emphasis added). The course of dealing is the unit of prosecution, not the individual transactions that make it up.

### B. Remedy

The government argues the dismissal is premature, because Mr. Morton has not yet been convicted and punished twice for the same offense. But this confuses remedies on appeal with remedies in district court. The government relies on *United States v. Lawing*, 703 F.3d 229, 236 (4th Cir. 2012) for the proposition that "[e]rror only stems from multiplicity when a defendant is punished for multiple convictions on the same offense[.]" ECF No. 51 at 9. However, in the context of that case, the Court of Appeals was discussing a claim of error *on appeal*, and, crucially, where the defendant "was convicted on only one of the two counts." *Id*. It made that statement, therefore, in the course of holding that "any error was harmless." *Id*.

And here's why *Lawing* could not have been (and wasn't pretending to) hold that Double Jeopardy error *only* occurs when multiple punishments are imposed: the Supreme Court and the Fourth Circuit have held the opposite. "[T]his Court has long recognized that the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a

guarantee against being twice put to *trial* for the same offense." *Abney v. United States*, 431 U.S. 651, 660-61 (1977). A double jeopardy violation is complete when criminal charges are *filed*.

> [I]f [the accused is] convicted, [and] has his conviction ultimately reversed on double jeopardy grounds, he has still been forced to endure a trial that the Double Jeopardy Clause was designed to prohibit. Consequently, if a criminal defendant is to avoid exposure to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs.

*Id*. at 662. In fact, in *Abney*, the Supreme Court held that interlocutory appeal was available for Double Jeopardy claims without any conviction or punishment in a final judgment. "The Supreme Court made clear in *Abney* that the double jeopardy clause creates not only the right to be free from multiple punishments for the same offense, but also the right to be immune from multiple prosecutions for the same offense." *United States v. Ragins*, 840 F.2d 1184, 1192 (4th Cir. 1988). And the Fourth Circuit has examined multiplicity on the merits in an interlocutory posture without any conviction, under *Abney*, albeit after a mistrial on one count and acquittal on another. *See United States v. Goodine*, 400 F.3d 202 (4th Cir. 2005). In short, it's the Double *Jeopardy* Clause, not the Double *Punishment* Clause, and charging the same offense in two counts violate the Clause on its own. Therefore, dismissal of at least one count is the appropriate remedy.

Respectfully Submitted,
WILLIAM THOMAS MORTON, JR.

By: _____/s/_____
Counsel
Joseph S. Camden
Va. Bar No. 92143
Attorney for William Thomas Morton, Jr.
Assistant Federal Public Defender
Office of the Federal Public Defender
701 E. Broad St., Ste. 3600
Richmond, VA 23219
(804) 565-0830
Fax (804) 648-5033
joseph_camden@fd.org
