IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case Number: 3:24-cr-122-RCY-1 |
| | ) |
| WILLIAM THOMAS MORTON, JR., | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO DISMISS COUNTS TWO AND THIRTEEN BECAUSE 922(A)(20) IS VOID FOR VAGUENESS**

The argument is this: the residual clause of § 921(a)(20) shares the same features as the residual clause of ACCA that led the Supreme Court to declare it void for vagueness. The void-for-vagueness doctrine is founded in the Fifth Amendment. *Johnson v. United States*, 135 S.Ct. 2551, 2556 (2015). It invalidates "a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." Id.

The government appears to argue, ECF No. 48 at 6-9, that Mr. Morton's prior convictions clearly fall outside the bounds of the 921(a)(20) exceptions, however fuzzy their edges might be. But that's not the right standard under *Johnson* in a void-for-vagueness claim. The Supreme Court's cases "squarely contradict the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp." *Id.* at 602. The question, in other words, is not whether Mr. Morton's prior convictions are or aren't essentially business-related (or whatever shorthand the government uses to try to define the § 921(a)(20) category). Instead it's whether the definition of "crime punishable by a term of imprisonment exceeding one year" as modified by § 921(a)(20) makes any sense, which it does not.

1

By enumerating certain offenses, and then announcing a mismatched residual category, §921(a)(20)(A) is remarkably similar to the ACCA Residual Clause recently held void for vagueness in *Johnson*.

| ACCA Residual Clause, 18 U.S.C. § 924(e)(2)(B)(ii) (Void for Vagueness) | 18 U.S.C. § 921(a)(20)(A) |
|---|---|
| (ii) is burglary, arson, or extortion, involves use of explosives, or **otherwise involves conduct that presents a serious potential risk of physical injury to another**; and | (A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, **or other similar offenses relating to the regulation of business practices**, or |

In *Johnson*, the Supreme Court held that two features of the ACCA residual clause make it unconstitutionally vague. First, it was vague because it provided no standard against which to gauge "potential risk." *Id.* at 2557. Second, however, the Supreme Court noted the mismatch between the enumerated offenses and the residual category:

> At the same time, the residual clause leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony. It is one thing to apply an imprecise "serious potential risk" standard to real-world facts; it is quite another to apply it to a judge-imagined abstraction. By asking whether the crime "otherwise involves conduct that presents a serious potential risk," moreover, the residual clause forces courts to interpret "serious potential risk" in light of the four enumerated crimes— burglary, arson, extortion, and crimes involving the use of explosives. These offenses are "far from clear in respect to the degree of risk each poses." *Begay*, 553 U.S., at 143, 128 S.Ct. 1581. Does the ordinary burglar invade an occupied home by night or an unoccupied home by day? Does the typical extortionist threaten his victim in person with the use of force, or does he threaten his victim by mail with the revelation of embarrassing personal information? By combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates.

*Id*. at 2558 (italics in original; bold added). As Justice Scalia noted in a colorful analogy in his dissent in *James v. United States*, "The phrase 'shades of red,' standing alone, does not generate confusion or unpredictability; but the phrase 'fire-engine red, light pink, maroon, navy blue, or

colors that otherwise involve shades of red' assuredly does so." 550 U.S. 192, 231 n.7 (Scalia, J. dissenting).

Section 921(a)(20)(A) is susceptible to similar uncertainty. If the enumerated offenses are construed, as the court in *Stanko* did, to refer only to those offenses involving an effect on consumers or competition, then there is a serious mismatch between those offenses and the broad residual clause of "similar offenses relating to the regulation of business practices." Moreover, a proper interpretation of this phrase is necessary for an ordinary person to know whether his conduct in possessing a firearm constitutes a serious felony conviction. Therefore, the mismatch between the residual clause and the enumerated offenses "fails to give ordinary people fair notice of the conduct [the statute] punishes," and is void for vagueness. *Johnson*, 135 S.Ct. at 2556.

Relying on the principles later vindicated in *Johnson*, Judge Bright of the Eighth Circuit published a prescient dissent in *Stanko*, relying in part on Justice Scalia's dissent in *James*. 491 F.3d at 419-421. Judge Bright wrote that the vagueness problem of § 921(a)(20)(A) "goes beyond, for example, the uncertainty inherent in defining a violent felony" under the ACCA. *Id*. at 420. The dissent noted that no court had ever construed the § 921(a)(20)(A) residual clause to actually include a crime. *Id*. And that for the eighteen years that the power to denominate such crimes was in the hands of the Secretary, no such crimes were designated. *Id*. at 419. He recognized that the enumerated offenses were not vague, *id*. at 420, but that the residual clause lacks the required specificity to satisfy due process. *Id*. "All persons, including those like Stanko, enjoy the right to live under a system of laws in which 'a penal statute define[s] the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Id*. at 421 (quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).

        Respectfully Submitted,
WILLIAM THOMAS MORTON, JR.

By:           /s/
Counsel
Joseph S. Camden
Va. Bar No. 92143
Attorney for William Thomas Morton, Jr.
Assistant Federal Public Defender
Office of the Federal Public Defender
701 E. Broad St., Ste. 3600
Richmond, VA 23219
(804) 565-0830
Fax (804) 648-5033
joseph_camden@fd.org