IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 3:24CR122-1 (RCY) |
| | ) | |
| WILLIAM THOMAS MORTON, JR., | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant William Thomas Morton's Motion to Dismiss Counts Two and Thirteen as Unconstitutional Under the Second Amendment and *Bruen*. Mot. Dismiss, ECF No. 42. Based on the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and the Supreme Court's recent application of *Bruen* in *United States v. Rahimi*, 602 U.S. 680 (2024), the Defendant challenges § 922(g)(1) on its face and as applied to him. For the reasons stated below, the Court rejects both of the Defendant's challenges and will deny his motion.

**I. BACKGROUND**

The Defendant was indicted on August 21, 2024, and charged with, *inter alia*, two counts of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). Indictment, ECF No. 1. He had his initial appearance on August 23, 2024, and was arraigned on September 4, 2024. The Defendant's status as a convicted felon is not in dispute.

**II. LEGAL STANDARD**

Federal Rule of Criminal Procedure 12 allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). The Defendant here requests that the Court dismiss Counts Two and Thirteen.

"An indictment may be dismissed if the statute on which the indictment is premised is unconstitutional." *United States v. Kearney*, 2023 WL 3940106, at \*1 (E.D. Va. June 9, 2023); *cf.* Fed. R. Crim. P. 12(b)(3)(B) (permitting a defendant to, before trial, file a motion alleging a "defect in the indictment").

### III. DISCUSSION

The Defendant argues that the statute upon which his indictment is premised, 18 U.S.C. § 922(g)(1), is unconstitutional on its face and as applied to him because it violates the Second Amendment under *Bruen*'s text-and-history test, as expounded upon in *United States v. Rahimi*.

Section 922(g)(1) reads, in relevant part:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm or ammunition.

18 U.S.C. § 922(g)(1).

The Defendant argues that *Bruen* and *Rahimi* establish that § 922(g)(1) regulates conduct covered by the "plain text" of the Second Amendment, meaning that § 922(g)(1) is "presumptively unconstitutional" under *Bruen*'s test. Mot. Dismiss 1–2, ECF No. 42. Among other textual arguments, the Defendant points to the Supreme Court's rejection in *Rahimi* of the Government's theory that Congress can disarm individual citizens because they are not "responsible" and argues that the Supreme Court unanimously rejected the "law-abiding, responsible citizen" theory, thus including the Defendant among "the people" whose conduct the Second Amendment protects. Mot. Dismiss 7–9 (citing *Rahimi*, 602 U.S. at 701; *id* at 774 (Thomas, J. dissenting)). Applying *Bruen* and *Rahimi,* the Defendant asserts that § 922(g)(1) is unconstitutional facially and as applied here and moves the Court to dismiss the Indictment against him.

Both of the Defendant's challenges are squarely foreclosed by binding precedent. First, the Defendant's facial challenge is precluded by the Fourth Circuit's decision in *United States v. Canada (Canada II)*, --- F.4th at ----, 2024 WL 5002188, at *2 (4th Cir. 2024). [1] There, the Fourth Circuit determined that § 922(g)(1) "remains facially constitutional after *Bruen* and *Rahimi*." *United States v. Hunt*, --- F.4th ---, 2024 WL 5149611, at *3 (4th Cir. 2024) (applying *Canada II*, --- F.4th at ----, 2024 WL 5002188, at *2). Because this Court is bound by *Canada II*, it summarily rejects the Defendant's facial challenge to § 922(g)(1).

Second, the Fourth Circuit's even more recent decision in *United States v. Hunt*, --- F.4th ----, 2024 WL 5149611 (4th Cir. 2024), forecloses the Defendant's as-applied challenge. In *Hunt*, the Fourth Circuit determined that § 922(g)(1) plainly passes constitutional muster, whether considered in light of the Fourth Circuit's own precedent or through application of *Bruen*'s text-and-history analysis. *Hunt*, ---F.4th at ----, 2024 WL 549611, at *4–5. This is the same conclusion reached by this Court in its very first decision on a *Bruen*-based motion to dismiss, in *United States v. Lane*, 689 F. Supp. 3d 232 (E.D. Va. 2023). Notably, the Fourth Circuit in *Hunt* made explicit that its conclusion rested on the felony status of the defendant—not the particulars of the underlying conviction. *Hunt*, --- F. 4th at ----, 2024 WL 5149611, at *7 ("[T]here is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." (quoting *United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024))). Accordingly, for the reasons this Court articulated in *Lane* and similarly for those the Fourth Circuit articulated in *Hunt*, § 922(g)(1)

---

[1] The Fourth Circuit first decided *Canada* in June of 2024. *United States v. Canada (Canada I)*, 103 F.4th 257 (4th Cir. 2024). On November 4, 2024, however, the Supreme Court vacated the Fourth Circuit's decision, "for further consideration in light of *United States v. Rahimi*." *Canada v. United States*, --- S. Ct. ----, 2024 WL 4654952 (Mem.) (2024). On December 6, 2024, the Fourth Circuit decided *Canada II*, the iteration of *Canada* upon which this Court now relies. Therein, the Fourth Circuit determined that its previous decision in the matter fully complied with *Rahimi*, and, as such, "re-adopt[ed] and re-issue[d]" its previous decision. *Canada II*, 2024 WL 5002188, at *1. *Canada II* (and by extension, *Canada I*) is, accordingly, binding upon this Court.

unequivocally survives the Defendant's as-applied challenge.  And because this Court is bound by

*Hunt,* it cannot entertain the Defendant's as-applied challenge to § 922(g)(1).

## IV. CONCLUSION

For the reasons detailed above, the Court rejects both the Defendant's facial and as-applied

challenges to § 922(g)(1).  Accordingly, the Defendant's Motion to Dismiss will be denied.  An

appropriate Order shall issue.

 

 

 

/s/ _____

Roderick C. Young
United States District Judge

Date: January 7, 2025
Richmond, Virginia